UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHESTER LEE RENEAU,

    Plaintiff - Appellant,

v.

SASHA MAHONEY,

    Defendant - Appellee.

No. 14-1128
(D.C. No. 1:13-CV-00125-WJM-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

Almost no one likes those who send them to jail. Understandably. But Mr. Reneau's feelings run deeper than most. He threatened the judge who sentenced him to prison time. He repeated his threats to anyone who would listen and put pen to them in letters to the judge and others. Seeking to monitor the risk Mr. Reneau openly posed, prison officials opened his mail. Mr. Reneau replied with a federal lawsuit, alleging that prison officials had violated his First, Fourth, and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fourteenth Amendment rights. In the end, a magistrate judge recommended dismissing the matter in a 19-page order that carefully considered each of Mr. Reneau's causes of action. In turn, the district judge agreed with the recommendation and dismissed the case after preparing an equally thoughtful 10-page order. Now before us, Mr. Reneau asks us to undo that result, but we do not see how we lawfully might and neither after our independent review of the record do we see anything we might usefully add to the collective 29 pages of factual and legal analysis the magistrate and district judge offered. We affirm the district court's judgment and deny Mr. Reneau's *in forma pauperis* motion. He is reminded that he is obliged to pay the filing fee in full.

ENTERED FOR THE COURT


PER CURIAM